
IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

YVONNE ALLISON and GWEN ROBINSON                                    PLAINTIFF

v.                        Case No. 1:22-cv-1032

KENNETH SHELTON individually and
d/b/a SEICORP CORPORATION; AIX
SPECIALTY INSURANCE COMPANY; and
GOLDEN STATE CLAIMS ADJUSTERS                                       DEFENDANTS

## ORDER

Before the Court is Plaintiffs' Motion to Remand.  ECF No. 7.  Separate Defendants AIX Specialty Insurance Company and Golden State Claims Adjusters ("Removing Defendants") have filed a response.  ECF No. 10.  The Court finds the matter ripe for consideration.

### I. BACKGROUND

On April 20, 2022, Plaintiffs, who are residents of Arkansas, originally filed this action in the Circuit Court of Bradley County, Arkansas, alleging breach of contract, breach of implied warranty, fraud, and outrage.  ECF No. 3.  Defendant AIX Specialty Insurance Company ("AIX") is a corporation organized in Connecticut with its principal place of business located in Connecticut.  Defendant Golden State Claims Adjusters is a firm with its principal place of business in California.  Plaintiff alleges that Kenneth Shelton is a resident of Arkansas.  On May 5, 2022, the Removing Defendants were served with the summons and complaint in the state court action.  Plaintiffs' counsel then asked the Removing Defendants' counsel to accept service on behalf of Shelton, who was insured by the Removing Defendants.  The Removing Defendants' counsel declined to accept service on behalf of Defendant Shelton.  On June 7, 2022, the Removing Defendants removed the case to this Court, under 28 U.S.C. § 1441, based on diversity of

citizenship under 28 U.S.C. § 1332. At the time of removal, Defendant Kenneth Shelton, a resident of Arkansas, had not been served.

On July 6, 2022, Plaintiffs filed the instant motion to remand, arguing that the Court does not have subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is not complete diversity between the parties. Removing Defendants oppose the motion.

## II. DISCUSSION

In their motion to remand, Plaintiffs argue that the Court lacks diversity of citizenship jurisdiction because they and Defendant Shelton, who has not yet been served, are citizens of Arkansas.

Federal courts are courts of limited jurisdiction, and only certain types of cases may proceed in federal court. *See Dakota, Minn. & E. R.R. Corp. v. Schieffer*, 715 F.3d 712, 712 (8th Cir. 2013). A defendant in state court may remove a case to federal court if the defendant can demonstrate that the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). This requirement can be met in one of two ways: (1) when the case in question involves a federal question, or (2) when diversity jurisdiction exists. The party seeking removal or opposing remand has the burden of establishing federal jurisdiction, and all doubts on that issue are to be resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). A case must be remanded to the state court from which it was removed whenever the federal court concludes that subject matter jurisdiction is nonexistent. 28 U.S.C. § 1447(c).

Defendants removed the case to this Court based on diversity jurisdiction. Congress has determined that federal district courts have original jurisdiction over civil actions where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §

1332(a)(1). Diversity of citizenship under 28 U.S.C. § 1332 requires complete diversity. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Complete diversity "exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). The purpose of diversity jurisdiction is "to provide a federal forum for important disputes where state courts might favor, or be perceived as favoring, home-state litigants." *Exxon Mobile Corp.*, 545 U.S. at 553-54. However, "[t]he presence of parties from the same State on both sides of a case dispels this concern." *Id.* at 554.

Plaintiffs may invoke federal courts' diversity jurisdiction under 28 U.S.C. § 1332, while 28 U.S.C. § 1441 allows defendants a corresponding opportunity. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Section 1441 states, in pertinent part:

> (a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship.—
>
> . . .
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a) & (b). Section 1441(b)(2) is referred to as "the forum defendant rule." This rule limits removals by defendants sued in their own state because the purpose for diversity jurisdiction—that a party may not receive a fair shake in another state court—does not exist. *Spreitzer Props., LLC v. Travelers Corp.*, No. 21-CV-106-CJW-MAR, 2022 WL 1137091, at *4 (N.D. Iowa Apr. 18, 2022). The forum defendant rule "exists to preserve the plaintiff's choice of

3

a (state) forum, under circumstances where it is arguable less urgent to provide a federal forum to prevent prejudice." *Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1055 (8th Cir. 2020) (quoting *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000)).

Snap removal is a litigation tactic that "involves defendants removing cases to federal court before plaintiffs serve defendants whose joinder in the suit would defeat diversity jurisdiction." *Spreitzer Props.*, 2022 WL 1137091, at *4 (quoting *Breitweiser v. Chesapeake Energy Corp.*, No. 3:15-CV-2043-B, 2015 WL 6322625, at *3 (N.D. Texas Oct. 10, 2015)). "This tactic keys off the words in Section 1441(b)(2) providing that a case 'may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." *Id.* (quoting 28 U.S.C § 1441(b)(2)) (emphasis added).

"Snap removals occur under various circumstances." *Id.* One such instance, as in the present case, an in-state Plaintiff might file a state court complaint against multiple Defendants, including at least one out-of-state Defendant and one in-state Defendant. At the time of removal, the out-of-state Defendant has been served, but the in-state Defendant has not. In this instance, complete diversity of citizenship among the litigants does not exist based on the pleadings. However, one might argue, as the Removing Defendants do here, that complete diversity of citizenship does exist temporarily among Plaintiffs and the "parties in interest properly joined and served as defendants," because the in-state Defendant has not yet been served.[1] 28 U.S.C. § 1441(b)(2).

The Eighth Circuit has not addressed the propriety of snap removal. However, three circuit courts of appeals have concluded that section 1441(b)(2)'s plain language allows for removal until

---

[1] Another instance in which snap removal occurs is where an out-of-state plaintiff sues a defendant in the defendant's home state, and the defendant removes the state court case to federal court before plaintiff serves the defendant.

4

a forum defendant has been served. *See Texas Brine Co., LLC v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485-87 (5th Cir. 2020) (explaining section 1441(b)(2) unambiguously precludes removal only when a forum defendant has been served, and allowing removal otherwise does not yield absurd results that hinder the statute's apparent purpose); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705-06 (2d Cir. 2019) (concluding "Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law" and such a reading is not absurd "merely because it produces results that a court or litigant finds anomalous or perhaps unwise"); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152-54 (3d Cir. 2018) (allowing snap removal does not contravene Congress' apparent purpose to address fraudulent joinder, and such an outcome is not so "outlandish as to constitute an absurd or bizarre result").[2]

Without guidance from the Eighth Circuit Court of Appeals, district courts in this Circuit are split on the issue of snap removal. Most of the decisions addressing snap removal in this Circuit are from district courts in Missouri, and the decisions are split. The Eastern District of Missouri has taken three different approaches: (1) permitting snap removals based on the plain language of the statute; (2) remanding snap removals because they are inconsistent with the legislative intent behind the forum defendant rule and the purpose of removal; and (3) allowing snap removals only when at least one defendant has been served, based on a construction of the word "any" in § 441(b)(2). *Cagle v. NHC HealthCare-Maryland Heights, LLC*, No. 4:21CV1431 RLW, 2022 WL 2833986, at *4 (July 20, 2022). The district courts that "have found snap removals proper apply a strict reading of the statute's plain language." *Spreitzer Properties*, 2022 WL 1137091, at *6. "District courts who have found snap removals improper tend to look at the

---

[2] The Court notes that in each of these cases, there was complete diversity of citizenship among the parties. In each case, the plaintiff sued the defendant in the defendant's home state, and the defendant removed the case to federal court before it was served. In the present case, however, there is not complete diversity of citizenship among the parties to the suit as Plaintiffs and Defendant Shelton are residents of Arkansas.

5

purpose of the forum defendant rule, congressional intent, and whether allowing snap removals would produce an absurd result." *Id.*

Snap removal is a matter of first impression for the United States District Court for the Western District of Arkansas. The plain language of § 1441(b)(2) would seem to permit snap removals. However, the Court adopts the reasoning of those district courts that find snap removal improper. "The intent underlying the forum defendant rule and the 'joined and served' language is to allow out-of-state defendants to avoid local bias and remove to a federal forum, while preventing plaintiffs from joining, but not serving, forum defendants to block removal." *Perez v. Forest Labs, Inc.*, 902 F. Supp. 2d 1238, 1245 (E.D. Mo. 2012). Strict adherence to the language of § 1441(b) would be inconsistent with the fundamental purposes of removal and would contravene the legislative intent behind the forum defendant rule. *Hensley v. Forest Pharms., Inc.*, 21 F. Supp. 3d 1030, 1035-36 (E.D. Mo. 2014). The Court cannot blindly apply the "properly joined and served" language without considering the overall purpose of the forum defendant rule. Accordingly, the Court concludes that because snap removal by an in-forum defendant frustrates the overall purpose of the forum defendant rule, snap removal is improper. *See Hensley* at 1035-36; *Spreitzer Properties*, 2022 WL 1137091, at *7.

Further, the Court "must read all the statutes addressing diversity of citizenship together to arrive at a proper interpretation of Section 1441(b)(2) to avoid an absurd result." *Spreitzer Properties*, 2022 WL 1137091, at *7. Section 1332 "confers subject matter jurisdiction in federal court only when there is complete diversity of citizenship." *Id.* "The parties whose citizenship matters for the court's diversity evaluation are those named in the complaint." *Id.* (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005)). "Whether a defendant has been served is not relevant to whether the complete-diversity requirement is satisfied." *Id.* (citing *Pullman Co. v. Jenkins*,

6

305 U.S. 534, 541 (1939)). Here, complete diversity of citizenship between the parties to this litigation does not exist. Thus, pursuant to 28 U.S.C. § 1332, the Court lacks subject matter jurisdiction over this case.

Turning now to § 1441, the Court must read this section with a view toward § 1332's complete diversity requirement. "Section 1441 provides a narrow ground for defendants to remove cases to federal court." *Id.* Section 1441(b)(2) is a procedural rule, while Section 1332 is a jurisdictional rule. *Id.* "A procedural rule cannot confer jurisdiction where jurisdiction does not exist." *Id.* The "joined and served" language of § 1441(b)(2) cannot fairly be read "to expand federal jurisdiction if defendants win the race between plaintiffs serving defendants with lawsuits and filing for removal in federal court." *Id.* It would be absurd, if through a defendant's gamesmanship, "a case lacking complete diversity that would never be permitted in federal court is slipped in through a provision intended as a limitation on federal subject matter jurisdiction." *Id.* Accordingly, the Court finds that this case was improperly removed to federal court.

### III. CONCLUSION

For the above-discussed reasons, the Court finds that Plaintiff's Motion to Remand (ECF No. 7) should be and hereby is **GRANTED**. The Court finds that complete diversity of citizenship among the parties does not exist, and thus the Court lacks subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). Accordingly, this matter must be remanded to state court. 28 U.S.C. § 1447(c). The Court hereby instructs the Clerk of Court to immediately **REMAND** the matter to the Circuit Court of Bradley County, Arkansas, for further disposition.

**IT IS SO ORDERED**, this 15th day of September, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge